# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| PAMELA CHANDLER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | |
| ) | |
| EBSCO INDUSTRIES, INC., ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and 42 U.S.C. Section 1981.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's

Case 2:17-cv-00783-JEO   Document 1   Filed 05/11/17   Page 2 of 11

venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed her charge of discrimination on July 18, 2016, which was within 180 days of the occurrence of the last discriminatory act, which was her discharge on March 18, 2016. Plaintiff also timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC, which was sent to her on March 28, 2017.

### III. PARTIES

4. Plaintiff, Pamela Chandler, is a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, EBSCO Industries, Inc. is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

### IV. FACTS

6. Plaintiff is a white woman who began working for EBSCO Industries, Inc. ("EBSCO") on January 28, 2013.

7. EBSCO is a diversified international corporation headquartered in Birmingham, Alabama.

8. During her employment Plaintiff worked in the Publisher Promotion Fulfillment division of EBSCO as a Subscription Order Specialist.

9. Plaintiff's supervisor was a white man named Mike Powers. Powers reported to the General Manager of the division, Michael Margotta, who is also a white male.

10. Around September 14, 2015, Plaintiff complained to the Senior Vice President of Human Resources, Brian Wilson, that both Margotta and Powers were discriminating against her. Plaintiff complained that they were discriminating against her because of her female gender, and she gave examples of this discriminatory treatment.

11. Plaintiff also complained that Margotta was discriminating against an African American co-worker of Plaintiff's, who was a friend of hers, and she further complained that Margotta discriminated against her because of her association with this African American co-worker.

12. In its position statement to the EEOC, Defendant admitted that Plaintiff had complained to Wilson about Margotta and Powers on September 14, 2015, but Defendant stated to the EEOC that "(t)he complaints were not tied to race, sex, disability or any other protected category and, thus were not protected activity."

13. Wilson allegedly investigated Plaintiff's complaint, and during his investigation Wilson spoke to Powers and Margotta.

14. Following the investigation of her complaint, in November 2015, Margotta told Wilson that he wanted to terminate Plaintiff, but he said he would wait to fire her until the division's busy season ended in March 2016.

15. In December 2015, Mr. Wilson wrote a memo with the subject line "Allegation of a Violation of EBSCO's Anti-Harassment/Discrimination Policy." In that letter Wilson recounted how he had met with Plaintiff and two other women on September 14th, and they had complained to him about Margotta and Powers. Wilson wrote that Plaintiff and the other women had complained to him about Powers' habit of staring at their chest when speaking to them. Wilson's letter notes that Powers' chest staring made the women so uncomfortable that they had to take measures to cover their chests when they met with him. Wilson's letter further stated that he had spoken to Margotta about the accusations of these women against Powers, and Margotta stated he had not noticed this behavior but he would monitor the situation going forward to make sure nothing inappropriate was happening.

16. Defendant stated in its EEOC position statement that on March 18, 2016, Mr. Wilson met with Mr. Margotta and Sid McNeal, Mr. Margotta's manager. In

that meeting Defendant claims that Wilson told Margotta and McNeal that Plaintiff had made some complaints about Mr. Margotta, but those complaints did not constitute a violation of EBSCO's anti-harassment/discrimination policy.

17. Later that same day of March 18, 2016, Wilson and Margotta fired Plaintiff, allegedly due to the elimination of her position.

18. However, not long after allegedly eliminating Plaintiff's position, Defendant hired two employees to take over the duties Plaintiff had been doing, and those employees continue to do that job today.

19. Defendant's articulated reason for terminating Plaintiff, the elimination of her position, is not a legitimate reason for firing Plaintiff; rather, that reason is false and is a pretext to hide its true illegal reasons for firing plaintiff.

20. Defendant terminated Plaintiff because of her female gender, her association with an African American man and her act of objecting to discrimination.

21. Defendant engaged in the misconduct alleged herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

## V. CAUSE OF ACTION

### COUNT I – GENDER DISCRIMINATION

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with

the same force and effect as if fully set out in specific detail herein below.

23. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by 42 U.S.C. §1981a.

24. Defendant discriminated against Plaintiff by taking adverse employment actions against her, including terminating her employment.

25. Plaintiff may prevail under either a "pretext" or a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, her female gender remained at least a motivating factor in the adverse employment actions Defendant took against her, up to and including termination.

26. Said gender discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

27. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

28. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II — RACIAL DISCRIMINATION – TITLE VII AND 1981**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail herein below.

30. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by 42 U.S.C. §1981a, and 42 USC § 1981.

31. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating her which constitutes an adverse employment action against Plaintiff.

32. Plaintiff claims discrimination based upon an interracial association, which constitutes an allegation that she has been discriminated against because of her race.

33. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her employment, Plaintiff's association with an African American man was at least a motivating factor in the adverse employment actions Defendant took against her, up to and including terminating her employment.

34. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the

wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

36. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### D. COUNT III — RETALIATION – TITLE VII AND SECTION 1981

37. Plaintiff re-alleges and incorporates by reference paragraphs 1- 36 above with the same force and effect as if fully set out in specific detail herein below.

38. Plaintiff complained to management that she was being discriminated against because of her female gender, that her African American co-worker was being discriminated against because of his race and that she was being discriminated against because of her association with her African American co-worker.

39. In response to Plaintiff's opposition to discrimination, Defendant retaliated against Plaintiff by making a decision to terminate her employment shortly after she had complained of discrimination.

40. There is a causal relationship between Plaintiff's opposition to discrimination and the materially adverse employment actions taken against her by Defendant company shortly after she complained of gender and racial discrimination.

41. Said retaliation was done maliciously, willfully, and with reckless disregard for

the rights of Plaintiff.

42. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

43. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

44. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2. Grant Plaintiff reinstatement into the position she would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of race discrimination or awarding her front pay, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Jon C. Goldfarb

                              Jon C. Goldfarb asb-5401-f58j
                              L. William Smith asb 8660-a61s
                              Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**
EBSCO Industries, Inc.
Walker, J David
5724 Highway 280 East
Birmingham, Al 35242